IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FABIAN THOMAS | § | |
| | § | |
| v. | § | NO. 4:25-CV-00811-ALM-BD |
| | § | |
| JD SIMMONS, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Fabian Thomas sued Detective J.D. Simmons, Lieutenant R. Shipp, and the City of The Colony, Texas, under 42 U.S.C. § 1983 and state law for alleged civil-rights violations. Dkt. 14 (operative complaint). The defendants moved to dismiss. Dkts. 11 (the city's first motion), 15 (the officers' motion), 23 (the city's second motion). The officers then moved to stay discovery pending resolution of their qualified-immunity defense. Dkt. 20; *see* Dkt. 21 (Thomas's response). The court will dismiss the city's first motion to dismiss as moot and grant the requested stay.

After the city moved to dismiss, Dkt. 11, Thomas filed an amended complaint, Dkt. 14. *See* Fed. R. Civ. P. 15(a)(1). An amended complaint supersedes any previous complaint and renders it null unless the amended complaint specifically adopts or incorporates the earlier pleading. *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023). And "[f]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Id.* (quotation marks omitted). The operative complaint, Dkt. 14, does not adopt or incorporate the previous complaint, Dkt. 1, so the previous complaint is a legal nullity. Because the operative complaint replaced the previous complaint, the motion to dismiss that complaint is now moot. *See* 56 F.4th at 1033.

The officers moved to dismiss the amended complaint, arguing that they enjoy qualified immunity from Thomas's federal claims and "statutory immunity" (that is, an entitlement to dismissal under Texas Civil Practice and Remedies Code § 101.106) from Thomas's state-law claims. Dkt. 15. They also moved to stay discovery pending resolution of their immunity defense. Dkt. 20. In response to the motion to stay, Thomas argues that he should be permitted to conduct

limited discovery, that initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) are not part of discovery, and that any stay should apply only to the officers, not the city. Dkt. 21.

"[A] defendant's entitlement to qualified immunity must be determined at the earliest possible stage of the litigation" because "qualified immunity is more than a mere defense to liability"—it is "an immunity from suit." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quotation marks omitted); *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982), "recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law" and that "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial"). "[O]ne of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell*, 54 F.4th at 310 (quotation marks omitted).

"Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion" and "may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Id.* at 311. The court must rule on the motion to dismiss "without the benefit of pre-dismissal discovery." *Id.* at 312. If the court denies the motion, the immunity-asserting defendant has two options: "First, the defendant can immediately appeal the district court's denial under the collateral order doctrine." *Id.* "Or second[,] . . . the defendant can move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." *Id.*

Because the officers moved to dismiss based on qualified immunity, discovery will be stayed as to them. If limited discovery on qualified immunity later becomes necessary under the *Carswell* standard, the court may revisit the issue.

Discovery should be stayed as to the city as well. Otherwise, it would likely have to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [its] position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see Hrncir v. IRS*, No. 4:24-

2

CV-00692-SDJ-AGD, Dkt. 100 at 2–3 (E.D. Tex. Mar. 20, 2025) (relying on *Iqbal* to stay discovery as to all defendants); *Henderson v. Bd. of Supervisors of S. Univ. & A & M Coll.*, No. CV 21-297-JWD-RLB, 2022 WL 2654978, at *3–4 (M.D. La. July 8, 2022) (relying on *Iqbal* and Rule 26(c) to stay discovery as to all defendants while resolving qualified immunity as to two of them); *Thornburg v. Williamson County*, No. 1:21-CV-00172-LY-SH, 2021 WL 2227390, at *2 (W.D. Tex. June 2, 2021) (citing *Iqbal* for the proposition that "[w]hen a stay of discovery is warranted for certain parties asserting qualified immunity, discovery should be stayed as to all parties"). *Cf. Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) (allowing discovery to proceed on claims that were "legally distinct and for which a party may not assert the defense of qualified immunity").

For the same reason, there is good cause not to hold a Rule 16 management conference, issue a scheduling order, or require the parties to exchange initial disclosures under Rule 26(a)(1) or submit a Rule 26(f) report. *See Marshall v. Abbott*, No. 4:21-CV-00384-SDJ-CAN, 2022 WL 20044737, at *1–2 (E.D. Tex. Jan. 26, 2022) (finding that the defendants "demonstrate[d] good cause for a stay of discovery and delay in entering a scheduling order . . . pending disposition of Defendants' assertions of immunity" and ordering the parties to jointly submit a proposed scheduling order and exchange initial disclosures within 14 days of the resolution of the immunity issue).

## CONCLUSION

It is **ORDERED** that:

1) the city's first motion to dismiss, Dkt. 11, is **DISMISSED AS MOOT**;

2) the motion to stay, Dkt. 20, is **GRANTED**;

3) the case is **STAYED** pending resolution of the officers' motion to dismiss, Dkt. 15.

So **ORDERED** and **SIGNED** this 25th day of August, 2025.

Bill Davis
United States Magistrate Judge